**KNIGHT
FIRST AMENDMENT
INSTITUTE**

at Columbia University

August 8, 2017

**BY HAND**

Honorable Naomi Reice Buchwald
United States District Court for the
  Southern District of New York
500 Pearl Street, Room 2270
New York, NY 10007-1312

Re:   ***Knight First Amendment Institute et al. v. Trump
      et al.,*** Case No. 17-CV-5205 (NRB)

Dear Judge Buchwald,

Plaintiffs in the above-referenced case anticipate filing a motion for preliminary relief and respectfully request, pursuant to the Court's Individual Rules of Practice, that the Court schedule a pre-motion conference.

Plaintiffs' Complaint

The President's Twitter account, @realDonaldTrump, has become an important source of information about the government, and an important forum for speech by, to, and about the President. Defendants have used the account as a key channel for official communication, using it to make formal announcements, report on meetings with foreign leaders, and promote the administration's policies. They have opened up the account to the public at large, enabling millions of people to read the President's statements, respond to them, and discuss and debate them with one another.

Plaintiffs include seven individuals whom Defendants have excluded ("blocked") from @realDonaldTrump because they criticized the President or his policies. Because of Defendants' actions, Plaintiffs have been impeded from viewing statements made by the President on Twitter, from responding to them, and from discussing and debating them with others who subscribe to the account. Defendants' exclusion of Plaintiffs from this forum is unconstitutional. As Plaintiffs' Complaint alleges, @realDonaldTrump functions as a designated public forum, and the First Amendment prohibits the government from excluding individuals from such a forum on the basis of viewpoint. Moreover, Defendants' blocking of Plaintiffs from @realDonaldTrump would violate the First Amendment even if the account were not a public forum, because the blocking of Plaintiffs imposes

a viewpoint-based burden on their access to information that Defendants have otherwise made available to the public at large.[1]

<u>Plaintiffs' Motion</u>

Plaintiffs are prepared to file a motion for preliminary relief. For the reasons summarized below, preliminary relief is warranted here.

1.   *Without preliminary relief, Plaintiffs will suffer irreparable injury.*

As noted above, Defendants' actions impede Plaintiffs from viewing the President's statements on Twitter, from responding to them, and from discussing and debating them with others who subscribe to @realDonaldTrump. These injuries to Plaintiffs' First Amendment rights are irreparable. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Bronx Household of Faith v. Bd. of Educ. of City of N.Y.*, 331 F.3d 342, 349 (2d Cir. 2003) ("irreparable harm may be presumed" where plaintiffs challenge government limitations on speech). Without preliminary relief, Plaintiffs will continue to suffer irreparable injury to their First Amendment rights during the pendency of this litigation.

2.   *There is a substantial likelihood that Plaintiffs will prevail on the merits.*

There is a substantial likelihood that Plaintiffs will prevail on their claim that Defendants have imposed an unconstitutional burden on Plaintiffs' participation in a designated public forum. The @realDonaldTrump account is a public forum under the First Amendment because it is a "channel of communication" designated by the government "for use by the public at large for . . . speech." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802 (1985). While public officials' use of Twitter to engage with constituents is a relatively new phenomenon, it is well-settled that a public forum may consist of a metaphysical space rather than a physical one. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 830 (1995). The Supreme Court recently observed that social media platforms like Twitter offer "perhaps the most powerful mechanisms available to a private citizen to make his or her voice heard" by permitting citizens to "engage with [their elected representatives] in a direct manner." *Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017). Because the @realDonaldTrump account is a public forum, Defendants' exclusion of

---

[1] Plaintiff Knight First Amendment Institute has not been blocked from the @realDonaldTrump account, but it asserts a violation of its First Amendment right to hear the speech of others who have been blocked because of their viewpoints.

Plaintiffs from that forum based on their viewpoints violates the First Amendment.

Plaintiffs are also substantially likely to prevail on their claim that Defendants' blocking of them from the @realDonaldTrump account imposes an unconstitutional burden on their access to official statements that Defendants otherwise make available to the public at large. *See Matal v. Tam*, 137 S. Ct. 1744, 1760–61 (2017) ("[T]he Government may not deny a benefit to a person on a basis that infringes [the First Amendment] even if he has no entitlement to that benefit." (internal quotation marks omitted)). Even if @realDonaldTrump does not constitute a public forum, Defendants are violating the First Amendment by denying Plaintiffs access to this official communications channel based on their viewpoints.

3.   *The balance of hardships favors Plaintiffs.*

Defendants' ongoing exclusion of Plaintiffs from @realDonaldTrump imposes a continuing burden on Plaintiffs' First Amendment rights. The burden is especially significant because it affects Plaintiffs' ability to access, reply to, and discuss the statements of the nation's highest official. At the same time, the government plainly has no legitimate interest in protecting the President from criticism. *See, e.g., N.Y. Times Co. v Sullivan*, 376 U.S. 254, 269 (1967) (emphasizing First Amendment's protection of "vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials"). Moreover, the entry of preliminary relief would not affect Defendants' ability to block Plaintiffs from @realDonaldTrump at the conclusion of this litigation, should Defendants prevail.

*        *        *

For these reasons, Plaintiffs respectfully request that the Court schedule a pre-motion conference.

Respectfully,

Jessica Ring Amunson (pro hac motion to be filed today)
Tassity S. Johnson (pro hac motion to be filed today)
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001

Jameel Jaffer (JJ-4653)
Katherine Fallow (application for admission forthcoming)
Alex Abdo (AA-0527)
Knight First Amendment Institute at Columbia University
314 Low Library
535 West 116th Street
New York, NY 10027
(212) 854-9600