

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530

October 13, 2017

**Via ECF with Courtesy Copy by Mail**

The Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Knight First Amendment Institute at Columbia University, et al. v. Trump, et al.*,
     No. 17-cv-5205 (NRB)

Dear Judge Buchwald,

  The Department of Justice represents Defendants Donald J. Trump, Hope Hicks, Sarah Huckabee Sanders, and Daniel Scavino, sued in their official capacities, in the above-referenced matter. In accordance with Section 2.E of the Court's Individual Practices, Defendants respectfully submit this letter outlining the substantive arguments advanced in their motion for summary judgment, filed today.

  This action is a First Amendment challenge to the President's use of the blocking feature on Twitter. Plaintiffs are seven individual Twitter users ("Individual Plaintiffs") and the Knight First Amendment Institute at Columbia University ("Knight Institute"), a non-profit organization. In May and June 2017, the President blocked the Individual Plaintiffs from @realDonaldTrump, his personal Twitter account. Plaintiffs claim that this Twitter account is a "public forum," and thereby subject to the First Amendment restrictions such status entails. They also raise derivative claims alleging a right to access, right to petition, and right to hear. Each of these claims fails.

  At the outset, Plaintiffs lack standing to bring any of their claims. The Knight Institute cannot bring its sole claim—an alleged violation of the right to hear—because it has not suffered a cognizable injury. There is no evidence that the Knight Institute has ever viewed the replies to @realDonaldTrump tweets. Even if such evidence existed, it is entirely speculative that the Knight Institute would, at some unspecified point, have seen a reply to the @realDonaldTrump account from the Individual Plaintiffs. Moreover, because the @realDonaldTrump account is public, the Knight Institute's alleged injury is shared by anyone who views the President's account—the essence of a generalized grievance.

  Further, the Individual Plaintiffs lack standing to bring their claims against any of the

Defendants.  Plaintiffs lack standing with respect to Ms. Hicks, Ms. Sanders, and Mr. Scavino because none of their alleged injuries is fairly traceable to those Defendants.  Plaintiffs claim that their alleged injuries stem from the blocking of the Individual Plaintiffs' Twitter accounts, and the facts show that the President himself blocked the Individual Plaintiffs.  Plaintiffs also lack standing to bring claims against the President because any injury fairly traceable to him is not redressable.  Plaintiffs have sued the President in his official capacity only, and they seek an order requiring him to unblock the Individual Plaintiffs' accounts.  But the Court cannot enjoin the President's discretionary official conduct, nor issue a declaratory judgment regarding that conduct. *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475 (1867).

Turning to the merits, Plaintiffs' First Amendment claim fails for several reasons.  As an initial matter, the President's decision to block the Individual Plaintiffs from the @realDonaldTrump account was not state action.  The President blocked the Individual Plaintiffs from the Twitter account that he has personally used for more than eight years, long before he became president.  The decisions he makes in managing that account, like many of the personal decisions he makes as president, are not an exercise of power conferred on him by federal law.  As such, they are not state action and not subject to First Amendment scrutiny.

Even assuming that blocking the Individual Plaintiffs was state action, however, the President did not violate any of the Plaintiffs' First Amendment rights.  Plaintiffs' principal claim is that the @realDonaldTrump account is a "public forum" and that the President accordingly is prohibited from making viewpoint-based distinctions in managing his account.  But the @realDonaldTrump account is a channel for the President's speech, not a forum for the private speech of others.  As such, if the President's management of the account is state action, then it is government speech.  In blocking the Individual Plaintiffs, the President made decisions about the information he wishes to consume on Twitter and the users with whom he wants to interact.  Those expressive choices are permissible government speech, and indeed, public officials make them in a variety of settings other than Twitter.

In any event, the @realDonaldTrump is not a "forum" for First Amendment purposes.  First, it is not government property from which private parties can speak.  The President speaks from the @realDonaldTrump account, but private parties do not.  Rather, they speak from their own accounts, and Twitter then chooses how to structure the conversations that ensue on its private platform.  Second, forum analysis is inapplicable here because it is incompatible with the intended purpose of the @realDonaldTrump account.  The government has taken no steps to convert the account, which the President created as a private citizen in 2009, into a forum for private speakers.  Accordingly, the account cannot be viewed through the lens of the public forum doctrine.

Plaintiffs' follow-on First Amendment claims similarly lack merit.  First, Plaintiffs have alleged a violation of the Individual Plaintiffs' right to petition the government, but that claim fails for the same reasons as their speech claims.  The Individual Plaintiffs have not been denied access to a forum the government established to resolve disputes, and the First Amendment does not require the President to listen to them on Twitter.  Second, there is no First Amendment right to follow the @realDonaldTrump account.  Even if there were, that right has not been abridged

because the Individual Plaintiffs have the same ability to view the @realDonaldTrump account as the average member of the public. Like anyone else with an internet connection, the Individual Plaintiffs can visit the @realDonaldTrump account when not logged in to Twitter. Finally, the Knight Institute has no "right to hear" claim because they are not entitled to more rights as a listener than the Individual Plaintiffs are as speakers. If, as demonstrated above, the Individual Plaintiffs do not have a First Amendment claim, then neither does the Knight Institute.

For these reasons and others set forth more fully in Defendants' Memorandum of Law in Support of Motion for Summary Judgment, the Court should grant Defendants' motion for summary judgment and enter judgment for Defendants on all claims. We thank the Court for its consideration of and attention to this matter.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JOON H. KIM
Acting United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

ERIC R. WOMACK
Assistant Branch Director

*/s/ Michael H. Baer*
MICHAEL H. BAER
DANIEL HALAINEN
Trial Attorneys
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Telephone:    (202) 305-8573
Facsimile:    (202) 616-8460
E-mail: Michael.H.Baer@usdoj.gov

*Counsel for Defendants*