**KNIGHT FIRST AMENDMENT INSTITUTE**
at Columbia University

January 23, 2018

**Via ECF and by Fax**

The Honorable Naomi Reice Buchwald
United States District Court for the
 Southern District of New York
500 Pearl Street, Room 2270
New York, NY 10007-1312

>  Re: *Knight First Amendment Institute, et al. v. Trump, et al.*, **Case No. 17-CV-5205 (NRB)**
>
>  **Notice of Supplemental Authority**

Dear Judge Buchwald,

  In further support of their Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment, Plaintiffs respectfully submit the Second Circuit's recent decision in *Wandering Dago, Inc. v. Destito*, No. 16-622, 2018 WL 265383 (2d Cir. Jan. 3, 2018) (attached as Exhibit A).

  *Wandering Dago* concerned the decision of the New York State Office of General Services ("OGS") to deny the plaintiff food truck operator's applications to participate in the "Summer Outdoor Lunch Program," a state-sponsored program that allowed food truck vendors to sell food on Albany's Empire State Plaza. *Id.* at *1. It was undisputed that OGS denied the plaintiff's applications "solely because of" the ethnic slurs in its name and in the names of its products. *Id.*

  Reversing the district court's grant of summary judgment in defendants' favor, the Second Circuit held that the denial of the plaintiff's applications violated the First Amendment because it was impermissible viewpoint discrimination under the Supreme Court's recent decision in *Matal v. Tam*, 137 S. Ct. 1744 (2017). The Court held that OGS's conduct violated the First Amendment "irrespective of whether we categorize [plaintiff's] speech as commercial speech, speech in a public forum, or speech in a nonpublic forum." *Wandering Dago*, 2018 WL 265383, at *7.

  The Court also rejected defendants' argument that "any viewpoint discrimination on their part is of no moment because OGS's denial of [plaintiff's] application should be understood as a permissible manifestation of OGS's own government speech—a refusal to endorse ethnic slurs in a

state-sponsored program." *Id.* at *10. To the contrary, the Court emphasized, "speech that is otherwise private does not become speech of the government merely because the government provides a forum for the speech or in some way allows or facilitates it." *Id.* Because there was no evidence "of a well-established history of OGS's controlling the names of Lunch Program vendors in order to tailor a government message," and "no basis for thinking that the Lunch Program vendors' names, any more than the names of other organizations that receive permits to use public lands for special events, are closely identified with the government," the Court held that OGS's denial of the plaintiff's application was a government regulation of private speech, and not a form of government speech. *Id.* at *11.

*Wandering Dago* further supports Plaintiffs' position in this case that Defendants' blocking of the Individual Plaintiffs from the @realDonaldTrump account violates the prohibition against viewpoint-based exclusion of speakers from a designated public forum. In particular, the Second Circuit effectively rejected the proposition, advanced by Defendants here, that in blocking the Individual Plaintiffs from the @realDonaldTrump account, the President is simply engaging in a form of government speech concerning whom to interact with on Twitter. *See* Defs.' Opp. Br. at 13-19.

Respectfully,

*/s/ Jameel Jaffer*

Jessica Ring Amunson (*pro hac vice*)
Tassity S. Johnson (*pro hac vice*)
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001

Jameel Jaffer (JJ-4653)
Katherine Fallow (KF-2535)
Carrie DeCell (motion for admission forthcoming)
Alex Abdo (AA-0527)
Knight First Amendment Institute
    at Columbia University
314 Low Library
535 West 116th Street
New York, NY 10027
(212) 854-9600
Jameel.Jaffer@knightcolumbia.org

*Counsel for Plaintiffs*