

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530

---

January 26, 2018

**Via ECF and by Fax**

The Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *Knight First Amendment Institute at Columbia University, et al. v. Trump, et al.*,
>        **No. 17-cv-5205 (NRB)**

Dear Judge Buchwald,

Defendants submit this letter in response to Plaintiffs' January 23, 2018 letter, in which Plaintiffs argue that the Second Circuit's recent decision in *Wandering Dago, Inc. v. Destito*, No. 16-622, 2018 WL 265383 (2d Cir. Jan. 3, 2018), "effectively rejected" Defendants' argument that the President's use of Twitter, if considered state action, is government speech.

In *Wandering Dago*, the Second Circuit considered whether a state agency could refuse a food truck's application to participate in a state-sponsored lunch program on the basis of an ethnic slur in the company's name.  2018 WL 265383, at *1-5.  The state agency argued that its decision constituted government speech because permitting the food truck's participation would amount to a government subsidy of slurs and could be misconstrued as a government endorsement.  *Id.* at *10-13.  Using factors identified by the Supreme Court in cases such as *Walker v. Texas Division, Sons of Confederate Veterans, Inc.*, 135 S. Ct. 2239 (2015), and *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460 (2009), the court concluded that approving the food truck's application would not constitute government speech because the state agency would not "be viewed by the public as having adopted [the food truck's] speech as its own," and that the food truck did not "convey a government message."  *Id.* at *12-13.

Plaintiffs' contention that the Second Circuit "effectively rejected" Defendants' position in the present case erroneously conflates the First Amendment issue here with the issues presented in *Wandering Dago*.  The question before the court in *Wandering Dago* was whether the speech of a nongovernmental actor "that [was] otherwise private" had "become speech of the government," *i.e.,* whether the government had, in effect, transformed private speech into government speech.  2018 WL 265383, at *10.  But no party in this case has argued that the factors

relevant to that determination apply here, because there is no claim that the speech of nongovernmental actors has become speech of the government.  *See, e.g.*, Defs.' Opp. & Reply Br. at 18 ("[R]esponses to the President's tweets, and replies to those responses, are the speech of the users who post them."), ECF No. 54.  Rather, as Defendants explained at length in the briefing, the President on Twitter "serv[es] as a participant in, not a regulator of, the marketplace of ideas," because he is one of a multitude of individuals who choose to speak, and curate their experiences, on Twitter.  *Id.* at 14-15; *see also* Defs.' Summ. J. Br. at 14-18, ECF No. 35.

Thus, although the Second Circuit's decision reiterates familiar First Amendment principles that already are addressed in the parties' briefs, the court did not consider, much less decide, the issue presented here: whether a government official's decisions about whom to interact with on Twitter should be treated differently from the decisions a government official makes about whom to interact with in any other setting.  Accordingly, Plaintiffs' assertion that the Second Circuit has "effectively rejected" Defendants' argument is wholly lacking in merit.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

ERIC R. WOMACK
Assistant Branch Director

*/s/ Daniel Halainen*
MICHAEL H. BAER
DANIEL HALAINEN
Trial Attorneys
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Telephone:     (202) 616-8101
Facsimile:     (202) 616-8470
E-mail: daniel.j.halainen@usdoj.gov

*Counsel for Defendants*