

April 4, 2018

**Via ECF and by Fax**

The Honorable Naomi Reice Buchwald
United States District Court for the
Southern District of New York
500 Pearl Street, Room 2270
New York, NY 10007-1312

> Re:   ***Knight First Amendment Institute, et al. v. Trump,
> et al.,*** **Case No. 17-CV-5205 (NRB)**

Dear Judge Buchwald,

Plaintiffs write in response to the Court's order of March 13, 2018 and in reply to the government's letter of March 28, 2018. The government contends that the First Amendment would not prohibit the government from blocking individuals from @POTUS and @WhiteHouse on the basis of viewpoint. It further argues that even if viewpoint-based blocking from those accounts would infringe the First Amendment, viewpoint-based blocking from @realDonaldTrump does not. The government's arguments are unconvincing.

First, the government errs in contending that the public forum doctrine is inapplicable to @POTUS, @WhiteHouse, and @realDonaldTrump. The government argues that comments posted by private citizens on these accounts do not occur "on" or "through" a government-controlled space, but this is wrong. As the record in this case shows, replies to the President's tweets appear in comment threads below the President's tweets. Stip. ¶¶ 22-23. By blocking an individual from his account, the President prevents that individual's replies from appearing in the comment threads. *Id.* ¶¶ 28, 54. In other words, when the President blocks an individual from his account, he blocks that individual from a government-controlled space that has been opened up to the public at large for expression. This is why @realDonaldTrump is properly considered a public forum, and why @POTUS and @Whitehouse should be considered public forums, too.

The government is also wrong to argue that the President's blocking of an individual does not "generally" have the effect of excluding that

individual from the forum. Again, those who are blocked from @realDonaldTrump cannot reply directly to the President's tweets, which means that their direct replies will not appear in the comment threads below the President's tweets—or anywhere else on Twitter.[1] The government points out that blocked users are not prevented from posting tweets *about* the President's tweets—so long as they are willing to take additional steps to access the President's tweets, *id.* ¶¶ 55, 58, 60. The important point, however, is that blocked users are prevented from speaking in the relevant forum—that is, in the comment threads associated with @realDonaldTrump. *Id.* ¶¶ 54, 58, 60. Likewise, it is a distraction to focus, as the government does, on the fact that blocked users can—with effort, *id.* ¶¶57-58—reply to other individuals' replies to the President, because the important fact is that they are prevented from replying directly to the President. The government cannot dispute that blocking a user prevents that user from participating fully and on equal terms with users who have not been blocked.

Second, the government errs in arguing that even if viewpoint-based blocking on @POTUS and @WhiteHouse violated the First Amendment, such blocking on @realDonaldTrump would not. In support of this argument, the government primarily reiterates its assertion that @realDonaldTrump is a "personal" account not subject to the First Amendment. As the record shows, however, President Trump uses the @realDonaldTrump account as an official instrument of his presidency,[2] and indeed the government has used the account interchangeably with @POTUS and @WhiteHouse.

Finally, the government incorrectly suggests that applying the public forum doctrine to the @realDonaldTrump account would infringe on the President's associational rights. Public officials who preside over designated public forums do not have an "associational right" not to interact with people in that forum. The government does not cite any authority in support of its argument, nor could it. Nor does the mere fact that a forum

---

[1] The government's assertion that if one of the President's tweets were deleted, "the responses to the deleted tweet would be unaffected," Gov't Ltr. at 2, is nonsensical because an individual who has been blocked cannot reply to the original tweet in the first place.

[2] In addition to the evidence of official use in the Stipulation, in the past few weeks alone the President has used the account to dismiss and replace two cabinet members. *See* Peter Baker, et al., *Trump Fires Rex Tillerson and Will Replace Him with CIA Chief Pompeo*, N.Y. Times (Mar. 13, 2018), https://www.nytimes.com/2018/03/13/us/politics/trump-tillerson-pompeo.html; Donovan Slack, *Veterans Affairs Secretary David Shulkin Is Out, Trump Announces by Tweet*, USA Today (Mar. 28, 2018), https://www.usatoday.com/story/news/politics/2018/03/28/david-shulkin-veterans-affairs-secretary-forced-out-john-kelly/346741002/.

includes speech by government officials mean that the forum as a whole is "government speech." Gov't Ltr. at 4.[3] The record shows that the @realDonaldTrump account is a designated public forum open to speech by the general public, and that the President acts as a gatekeeper to that forum. His viewpoint-based blocking in that forum violates the First Amendment.

Respectfully,

*/s/ Jameel Jaffer*

| | |
|---|---|
| Jessica Ring Amunson (*pro hac vice*) | Jameel Jaffer (JJ-4653) |
| | Katherine Fallow (KF-2535) |
| Tassity S. Johnson (*pro hac vice*) | Carrie DeCell (CD-0731) |
| Jenner & Block LLP | Alex Abdo (AA-0527) |
| 1099 New York Avenue, NW, Suite 900 | Knight First Amendment Institute at Columbia University |
| Washington, DC 20001 | 314 Low Library |
| | 535 West 116th Street |
| | New York, NY 10027 |
| | (212) 854-9600 |
| | Jameel.Jaffer@knightcolumbia.org |

*Counsel for Plaintiffs*

---

[3] Notably, none of the cases cited by the government for its novel argument that public officials' "right not to associate" trumps the rights of citizens to speak in a public forum in fact involved claims of a public forum. *See X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 70 (2d Cir. 1999); *Miller v. Town of Hull, Mass.*, 878 F.2d 523, 532 (1st Cir. 1989); *Cal. Democratic Party v. Jones*, 530 U.S. 567, 574 (2000); *Bond v. Floyd*, 385 U.S. 116, 136 (1966); *The Baltimore Sun Co. v. Ehrlich*, 437 F.3d 410, 418 (4th Cir. 2006).