

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500

info@knightcolumbia.org

August 7, 2020

Hon. Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan United States Court-
 house
500 Pearl Street
New York, NY 10007

> Re: Statement of relatedness regarding newly filed case *Knight First Amendment Institute, et al. v. Trump, et al.*, Case No. 1:20-cv-05958, and earlier filed case *Knight First Amendment Institute, et al. v. Trump, et al.*, Case No. 1:17-cv-05205

Dear Judges Engelmayer and Buchwald,

Plaintiffs write regarding *Knight First Amendment Institute, et al. v. Trump, et al.*, Case No. 1:20-cv-05958, which was filed last week and assigned to Judge Engelmayer. Plaintiffs had filed a statement of relatedness noting that the newly filed case was related to *Knight First Amendment Institute, et al. v. Trump, et al.*, Case No. 1:17-cv-05205, which was assigned to Judge Buchwald, but the statement of relatedness was erroneously marked as deficient. Now that the error has been corrected, the Clerk's Office suggested in a phone call with Plaintiffs' counsel on August 5, 2020, that Plaintiffs write to renew their request that the newly filed case be deemed related to the earlier-filed case and reassigned to Judge Buchwald. Plaintiffs make this request because they believe that reassignment would serve judicial efficiency and not because of any objection to proceeding before Judge Engelmayer.

It is Plaintiffs' understanding of Rule 13 of the Local Rules for the Division of Business Among District Judges that the Court may deem cases related

where the earlier-filed case has been decided but is still pending on appeal. *See* Rule 13(a)(2)(B) (noting that civil cases "presumptively shall not be deemed related *unless* both cases are pending before the Court (*or the earlier case is on appeal*)" (emphasis added)). In the earlier of the cases at issue here, this Court ruled in favor of Plaintiffs on May 23, 2018. The Second Circuit affirmed this Court's ruling on July 9, 2019, and the Second Circuit denied Defendants' petition for rehearing en banc on March 23, 2020. Because the Supreme Court extended the deadline to file a petition for a writ of certiorari by 150 days in light of the pandemic,[1] Defendants have until August 20, 2020 to petition the Supreme Court for a writ of certiorari. Because Defendants time for filing a petition for certiorari has not expired, the case is still pending before this Court for the purpose of relatedness. *See Deutsche Zentralgenossenschaftsbank AG v. Bank of Am. Corp.*, No. 13-civ-393, 2015 WL 935576, at *1 (S.D.N.Y. Mar. 3, 2015).

In addition, the newly filed case meets the four criteria for relatedness described in Rule 13.

First, some of the parties are common to both cases. The newly filed case involves the same defendants, President Donald Trump and Daniel Scavino, and one of the same plaintiffs, the Knight First Amendment Institute at Columbia University.

Second, there is substantial factual overlap between the two cases because both cases concern the blocking of Twitter users from President Trump's @realDonaldTrump Twitter account. More specifically, both cases allege that the account is a public forum from which individual plaintiffs have been unconstitutionally excluded because of their viewpoints. In addition, both cases allege that Defendants' blocking of those individual plaintiffs violates Plaintiff the Knight Institute's right to hear.

Third, given the substantial legal overlap in the two cases, the parties could be subjected to conflicting orders if the cases are assigned to different judges.

Fourth, absent a determination of relatedness, there would be a substantial duplication of effort as well as the possibility of delay. Many of the factual and legal issues relevant to the newly filed case were explored and established in the earlier-filed case.

\*     \*     \*

---

[1] *Order*, Supreme Court (Mar. 19, 2020), https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf.

Thank you for your consideration of this matter. Again, if the Court determines that the newly filed case is not related to the earlier-filed case, Plaintiffs have no objection to proceeding before Judge Engelmayer.

        /s/ *Katherine Fallow*
Katherine Fallow (KF-2535)
Jameel Jaffer (JJ-4653)
Alex Abdo (AA-0527)
Carrie DeCell (CD-0731)
Meenakshi Krishnan
Knight First Amendment Institute at
  Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
katie.fallow@knightcolumbia.org

Jessica Ring Amunson
Kara Brandeisky
Tassity Johnson
Tali Leinwand
Jenner & Block LLP
1099 New York Avenue NW, Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com

*Attorneys for Plaintiffs*

---

Judges Engelmayer and Buchwald and have conferred and both agree that the instant case is not related to *Knight First Amendment Institute, et al. v. Trump, et al.*, No. 17 Civ. 5205 (NRB), under the District's related case rules. This case will therefore remain assigned to Judge Engelmayer.

    */s/ Paul A. Engelmayer*    8/11/2020
    PAUL A. ENGELMAYER
    United States District Judge