

475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
info@knightcolumbia.org

June 7, 2021

**BY ECF FILING**

Honorable Naomi Reice Buchwald
United States District Court for the
Southern District of New York
500 Pearl Street, Room 2270
New York, NY 10007-1312

    Re:    *Knight First Amendment Institute et al. v. Biden et al.*, Case No. 17-CV-5205 (NRB)

Dear Judge Buchwald,

    This letter summarizes Plaintiffs' "skeletal" motion for attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiffs' motion seeks fees under the EAJA for their successful litigation challenging the blocking of individuals based on viewpoint from the @realDonaldTrump Twitter account.

    Although Plaintiffs are filing their fees motion today to comply with the EAJA's 30-day filing requirement, Plaintiffs and the government are endeavoring to settle the request for fees. Therefore, Plaintiffs are filing an unopposed motion asking the Court for leave to file the "skeletal" motion for fees; to stay briefing on the fees motion to allow the parties to negotiate a settlement; and, if the parties are not able to settle, to allow Plaintiffs to supplement their skeletal motion no later than 45 days after the parties inform the Court that negotiations were unsuccessful.

    As set forth in Plaintiffs' "skeletal" motion, Plaintiffs are prevailing parties under the EAJA and are thus entitled to recover the attorneys' fees they expended in this litigation. Plaintiffs have prevailed under EAJA because they secured a ruling from this Court that materially altered the legal relationship of the parties and achieved the benefit Plaintiffs sought. The main issue in the litigation was whether defendants' viewpoint-based

blocking of critics from the @realDonaldTrump Twitter account was constitutional under the First Amendment. On May 23, 2018, this Court ruled in favor of Plaintiffs, granting the declaratory relief Plaintiffs sought and holding Defendants' conduct unconstitutional. Opinion, May 23, 2018, ECF No. 75 at 74 ("Opinion"). Shortly after this Court's ruling, defendants unblocked the Individual Plaintiffs (and dozens of other blocked users), who then had access to the @realDonaldTrump account on the same terms as other users until Twitter suspended the account in January 2021.

Plaintiffs also prevailed on their claims before the Second Circuit, which affirmed this Court's ruling, *see Knight Inst. v. Trump*, 928 F.3d 226 (2d Cir. 2019), and denied the government's petition for rehearing en banc. *Knight Inst. v. Trump*, 953 F.3d 216 (2d Cir. 2020).

Plaintiffs' status under the EAJA as prevailing parties is not altered by the fact that the Supreme Court ultimately vacated the Second Circuit's decision as moot. *Biden v. Knight First Amend. Inst. At Columbia Univ.*, 141 S. Ct. 1220 (2021). As the Second Circuit has held, when a party has prevailed on the merits but the judgment has been vacated for mootness, the plaintiff maintains prevailing party status where (1) the case was considered on a "fully developed record;" (2) the lower court's judgment was not overturned on the merits; and (3) the plaintiff did not leave the courthouse "empty handed." *See Kirk v. New York State Department of Education*, 644 F.3d 134 (2d Cir. 2011). Plaintiffs meet all of these elements here.

Further, defendants will not be able to establish that "the position of the United States was substantially justified" as required to defeat an award of fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A). Defendants' pre-litigation conduct was unreasonable and unjustified. Former President Trump and his social media advisor chose to use Trump's personal Twitter account to conduct the official business of the presidency, and then ignored their First Amendment obligations. The government's position during the litigation was also unjustified, as there was no substantial basis for the government's arguments that this Court lacked power to grant relief against a sitting U.S. President; there was no substantial basis for the government to argue that the @realDonaldTrump account was purely a personal account that did not reflect state action; and there was no substantial basis for the government to argue that the thousands of replies made to each of Trump's tweets amounted to "government speech."

Finally, Plaintiffs are entitled to fees and expenses outlined in the chart attached to the accompanying motion as Exhibit 1. Such fees and expenses are reasonable in light of the complexity of this litigation, the time

invested by counsel in this litigation, and the results achieved through the litigation.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Jameel Jaffer |
| Jessica Ring Amunson (*pro hac vice*) | Jameel Jaffer (JJ-4653) |
| Tassity S. Johnson (*pro hac vice*) | Katherine Fallow (KF-2535) |
| Tali R. Leinwand (TL-1027) | Alex Abdo (AA-0527) |
| Kara V. Brandeisky (KB5764469) | Carrie DeCell (CD-0731) |
| Jenner & Block LLP | Knight First Amendment Institute |
| 1099 New York Avenue, NW, Suite 900 |     at Columbia University |
| Washington, DC 20001 | 475 Riverside Drive, Suite 302 |
|  | New York, NY 10115 |
|  | (646) 745-8500 |
|  | jameel.jaffer@knightcolumbia.org |
|  | *Counsel for Plaintiffs* |